# IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | ) | Case No. CF 0045-13 |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER ON** |
| MERLITO PINEDA VERGARA, | ) | **PARTIES' SENTENCING** |
| QUINCY A. AGUON | ) | **MEMORANDA** |
| RICHARD NIC PAMA EDPEDION | ) | |
| VIRGILIO PETER CEPEDA DEMAPAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 29 and October 1, 2014 upon Sentencing Memoranda from Defendants Aguon and Demapan and the People of Guam (the "People"). Attorney Leevin T. Camacho represents Defendant Aguon and Attorney F. Randall Cunliffe represents Defendant Demapan; Assistant Attorney General James C. Collins represents the People. For the reasons set forth below, the Court finds that the appropriate sentencing range for both Defendants has a mandatory maximum term of ten years imprisonment, but not a ten year mandatory minimum.

## BACKGROUND

On July 25, 2014, Defendant Aguon pled guilty without a plea agreement to Possession of a Schedule II Controlled Substance with Intent to Distribute, charged as a first degree felony,

## ***ORIGINAL***

in violation of Title 9 G.C.A. sections 67.401(a) and (b). Defendant Demapan did the same on August 11, 2014. On September 17, 2014, the People submitted their Sentencing Memorandum for Defendant Aguon, arguing that Title 9 G.C.A. section 67.401.4(f) imposes both a minimum and maximum sentence of ten years. On September 26, 2014, Defendant Aguon submitted his Sentencing Memorandum, countering that the appropriate sentencing range is zero to ten years imprisonment. He also requested that the Court impose treatment and probation in lieu of prison. The Court first heard the matter and took it under advisement on September 29, 2014.

On September 30, 2014 Defendant Demapan submitted his Sentencing Memorandum, requesting the Court to enter judgment for a lesser included offense pursuant to Title 9 G.C.A. section 80.22. The Court first heard the matter and took it under advisement on October 1, 2014. On October 2, 2014, the People then submitted their Sentencing Memorandum for Defendant Demapan, again claiming a minimum and maximum sentence of ten years. Defendant Demapan replied in his Sentencing Memorandum Re: Sentencing Range on October 7, 2014, arguing, like Defendant Aguon, that the statute instead mandates a range of zero to ten years imprisonment.

On October 1, 2014, the Court consolidated the cases with respect to sentencing. The Court now issues its Decision and Order for both Defendants.

## DISCUSSION

All parties agree that section 67.401.4, Prison Time for Drug Offenders, is the relevant sentencing statute and that, in light of Defendants' criminal history and because the substance for which they were convicted is not a "narcotic" as defined by Title 9 G.C.A. section 67.101(u), subsection (f) applies. It provides:

> . . . [The defendant] shall be sentenced to a term of imprisonment of not more than ten (10) years and, in addition, may be fined not more than Thirty Thousand Dollars ($30,000.00). The sentence shall include a special parole term of at least two (2) years in addition to such term of imprisonment. Imposition or execution of such sentence shall not be suspended and probation shall not be granted. Parole or work release shall not be granted to the offender until he has served at least ten (10) years of his sentence of imprisonment.

9 G.C.A. § 67.401.4(f). While the statute explicitly identifies a statutory maximum ("shall be sentenced to a term of imprisonment of not more than ten years"), it is silent on the issue of a mandatory minimum.

The People assert that the statute's above language implies a minimum sentence of ten years: The statute mandates a "special parole term of at least two years" in addition to imprisonment, and "[p]arole . . . shall not be granted to the offender until he has served at least ten years"; by implication, parole and imprisonment must be imposed in every case with the former to follow ten years of the latter. (People's Sentencing Mem. for Def. Demapan, 2:24-3:9). The People further extrapolate that because "the only type of sentence allowable . . . where a parole term may be imposed is one of imprisonment and an additional parole," imprisonment is mandatory. (Id. at 3:6-9).

Defendant Demapan counters that the above language means "he may not be paroled by the Parole Board until such time as he has served 10 years," and therefore, "it just prevents the Parole Board from granting him parole during any term the court were to grant since the maximum is 10 years." (Def. Demapan's Sentencing Mem., 1-2). Defendant Aguon similarly argues that "nowhere in the language limiting the grant of parole or work release does the statute require the court to impose a sentence of ten (10) years." (Def. Aguon's Sentencing Mem., 2:14-17).

In light of these competing interpretations, the Court must identify the range of permissible sentences based on the applicable statutory provisions. Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27 ¶ 17. While a statute's plain meaning prevails absent clear legislative intent to the contrary, courts need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23 ¶ 17. Whether determining a statute's plain meaning or its animating legislative intent, courts must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." Id.

First, in looking at the statute's plain language, section 67.401.4(f) contemplates a prison term only insofar as it provides that a defendant "shall be sentenced to a term of imprisonment of not more than ten (10) years." It goes on to require a two year "special parole term," and disallow parole or work release prior to ten years imprisonment.

The Court is unpersuaded by People's argument that because special parole must be imposed in every case, imprisonment must be at least the minimum length to allow parole—ten years. The People seem to confuse the "special parole term of not less than two (2) years" with

"parole or work release" that shall "not be granted to the offender until he has served at least ten (10) years." Rather, the two are distinct: The chief feature distinguishing special parole from traditional parole is that special parole "<u>follows</u> the term of imprisonment, while regular parole entails release <u>before</u> the end of the term." <u>Evans v. U.S. Parole Comm'n</u>, 78 F.2d 262, 263 (7th Cir. 1996) (emphasis added).[1]

The Court recognizes, however, that the statute's language with respect to parole and work release leads to absurd results. Because the offense's maximum sentence is ten years, yet parole or work release may not be granted prior to ten years imprisonment, they will, in effect, never be granted. To dispose of the case at bar, however, it is unnecessary for the Court to resolve this contradiction.

Secondly, it is also illuminating to consider the sentencing statute's role within the broader statutory scheme. Enacted in 1972 and reenacted in 1998, section 67.401.4 sets forth prison terms for various drug offenses: Subsections (a), (b), and (c) provide an explicit minimum and maximum term, while subsections (f), (g), (h), (i), and (j) provide only that a defendant "shall be sentenced to a term of imprisonment no more than" a certain maximum term. Viewing the statute in its entirety, the Court concludes that the Guam Legislature, in enacting and reenacting these provisions together, intentionally declined to set minimum sentences for some offenses while setting minimum and maximum sentences for others. <u>See</u> <u>Rinehart v. Rinehart</u>, 2000 Guam 14 ¶ 9 ("[I]f an option is expressed in a law, all other options not expressed were intentionally excluded."). Had the Legislature intended a mandatory sentence of ten years, it could have easily said so.

Furthermore, the People's position yields an impractical result insofar as the minimum and maximum sentences would be identical. The Court is not convinced that the Legislature intended, at least in these circumstances, to equate minimum with maximum and, in effect, deprive the Court of all discretion. Indeed, a greater sentencing range would comport with the

---

[1] Similarly, the People unpersuasively argue that because "the only type of sentence allowable . . . where a parole term may be imposed is one of imprisonment and an additional parole," imprisonment is mandatory. (People's Sentencing Mem. for Defendant Demapan, 3:6-9). Again, the People mistakenly conflate special parole and traditional parole. Furthermore, the statute to which the People cite, Title 9 G.C.A. section 80.10(a)(2), has a catch-all exception for sentences "otherwise provided by law." Here, section 67.401.4(f) provides otherwise.

"trial court's broad discretion in determining a defendant's sentence." People v. Superior Court of Guam, 2003 Guam 11 ¶ 8 (citations omitted).

Finally, no ambiguity with respect to the absence of a ten year mandatory minimum survives the foregoing analysis, but, if any did, the rule of lenity would favor the construction yielding the shorter sentence. See People v. Tenorio, 2007 Guam 19 ¶ 14 ("Where a criminal statute is ambiguous, the rule of lenity requires [courts] to construe the statute in favor of the defendant."); see also Hughey v. United States, 495 U.S. 411, 422 (1990) (applying the rule of lenity to a sentencing statute). But, again, the Court need not resort to the rule, which is "reserved . . . for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute." Moskal v. United States, 498 U.S. 103, 108 (1990) (emphasis in original) (internal quotation marks and citations omitted).

Here, notwithstanding potential ambiguity as it relates to traditional parole or work release, the Guam Legislature clearly prescribed no mandatory minimum in passing section 67.401.4(f), leaving the decision instead to the discretion of the courts.

## CONCLUSION

In light of the foregoing, the Court finds that the appropriate sentencing range for both Defendants includes a mandatory maximum of ten years imprisonment, but not a ten year mandatory minimum. Sentencing for both Defendants is scheduled for January 15, 2015 at 2:00 p.m.

**IT IS SO ORDERED** this day of December 24, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
AG's/L. Camacho
Cunliffe
12/24/14 Time: 3:05 pm